UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL THOMPSON,

                Petitioner,

                                                    Case Number 12-10781
v.                                                     Honorable David M. Lawson

L RAPELJE,

                Respondent.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND PETITION, TO APPOINT COUNSEL, AND FOR BAIL

On November 6, 2012, the petitioner filed a motion seeking to amend his petition to include a signature block, to have counsel appointed for him, and to be released on bail pending this Court's decision. The Court finds the petitioner's request to amend his petition reasonable and will grant it. However, the Court will deny the balance of the petitioner's motion.

There is no constitutional right to counsel for habeas proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Post v. Bradshaw*, 422 F.3d 419, 423 n.1 (6th Cir. 2005). Habeas proceedings are civil proceedings, *Browder v. Director, Dep't of Corr. of Ill.*, 434 U.S. 257, 269 (1978), and "'appointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *U.S. v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). The Court does not see grounds to grant the petitioner's request for appointment of counsel at the present time.

Federal Rule of Appellate Procedure 23 governs release or detention of a prisoner, state or federal, who is collaterally attacking his or her criminal conviction. *United States v. Cornish*, 89 Fed. App'x 569, 570 (6th Cir. 2004). A prisoner seeking release from custody under Rule 23 must

demonstrate (1) a substantial claim of law based on the facts surrounding the petition; and (2) the existence of some circumstances making the motion for bail exceptional and deserving of special treatment in the interests of justice. *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir.1990). The finding of a substantial question alone does not justify a grant of bail pending the Court's decision on the merits of the petition. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir.1993). The Court has reviewed the petition and the motion for bail and finds that the petitioner has not shown circumstances making his request for bail exceptional and deserving of special treatment in the interests of justice. The Court will therefore deny the petitioner's request for bail.

Accordingly, it is **ORDERED** that the petitioner's motion to amend petition, for appointment of attorney, and for bail [dkt. #14] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the petitioner's amended petition for a writ of habeas corpus is **DEEMED FILED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 8, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 8, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL